[Civ. Nos. 30181, 31338. First Dist., Div. Three. Aug. 14, 1973.]

SAFECO INSURANCE COMPANY OF AMERICA,
Plaintiff and Respondent, v.
FRED A. VIETH et al., Defendants and Appellants.

## COUNSEL

DeMeo, DeMeo, Foster & Waner and John F. DeMeo for Defendants and Appellants.

Spridgen, Barrett, Achor, Luckhardt, Anderson & James and C. Kenneth James, Jr., for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—Two appeals arising from the same action are consolidated here. They turn on the same issue—construction of an exclusionary clause in a policy providing for uninsured motorist insurance. Plaintiff insurer filed its action for declaratory relief and for an injunction restrain-

ing defendant insured from proceeding to arbitration. Temporary injunction issued, and defendant appealed. Thereafter, the case was submitted to the trial court on an agreed statement of facts, the court entered judgment declaring that the policy did not cover the accident here in issue, and defendant appealed.

Defendant owned an automobile, and purchased from plaintiff a liability policy which included an uninsured motorist provision. Thereafter, he bought a motorcycle. Although the record here does not show whether the motorcycle was insured at all, the parties agree that it was not insured by plaintiff, and that no uninsured motorist coverage attached to any policy which may have covered it. On August 19, 1970, defendant drove his motorcycle and was injured when it collided with an automobile whose owners and driver carried no liability insurance. For purposes of this action, the parties stipulate that the negligence of the uninsured motorist was the sole cause of the collision and of defendant's injuries. Defendant asserts his claim under the uninsured motorist coverage of his automobile.

■ The policy specifically excludes from its uninsured motorist coverage "bodily injury to an insured while occupying an automobile (other than the insured automobile) owned by the named insured . . . ." Thus the question is whether defendant's motorcycle, which he occupied at the time of the collision, is an automobile within the meaning of the exclusion.

The uninsured motorist statute (Ins. Code, § 11580.2) specifically requires coverage in all policies of bodily insurance liability "arising out of the ownership . . . or use of any motor vehicle" and extends coverage to all sums the insured "shall be legally entitled to recover as damages for bodily injury . . . from the owner or operator of an uninsured motor vehicle." Because a motorcycle clearly is a motor vehicle, it follows that uninsured motorist coverage extends to injury caused to the insured by an uninsured motorcycle. This obviously is not the question before us, since the injury to the insured was caused by an automobile, and not a motorcycle. We mention the issue only because it is the only question determined in the decision principally relied upon by respondent, (*Voris* v. *Pacific Indemnity Co.,* 213 Cal.App.2d 29 [28 Cal.Rptr. 328].) Unfortunately, the *Voris* opinion does contain the statement (p. 32) "it would seem logical to infer that a motorcycle is also an automobile within the purview of the code." Taken literally, this statement is erroneous. All that is held is that uninsured motorist coverage extends to injury caused to the insured by an uninsured motorcycle because a "motorcycle" is included within the term used by the code—"motor vehicle."

A later case (*Mid-Century Ins. Co.* v. *Hernandez*, 275 Cal.App.2d 839 [80 Cal.Rptr. 448], hg. den.) points up the overbreadth of the *Voris* dictum. Referring directly to the *Voris* language, the *Mid-Century* court (p. 844) states, quite properly, a "motorcycle is not an automobile," but that since it is a "motor vehicle," it requires uninsured motorist coverage in a policy covering a motorcycle as well as one covering an automobile.

The code section nowhere seeks to modify dictionary definitions of the terms "automobile" and "motorcycle." Rather, the Legislature has deliberately used the broad term "motor vehicle." It has left an insurer free to do the same if it chooses by drawing a provision excluding from the uninsured motorist coverage liability for injury of the insured while he occupies a "motor vehicle" owned by him. (Ins. Code, § 11580.2, subd. (c)(6).)

Plaintiff insurer, however, excluded from its coverage only the liability arising from the insured's occupancy of an "automobile" owned by him. Under established California law, an exclusionary clause is to be strictly construed against the insurer who drew it, but liberally in favor of the insured (*Crane* v. *State Farm Fire & Cas. Co.*, 5 Cal.3d 112, 115-116 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089]; *Brinkmann* v. *Liberty Mutual etc. Ins. Co.*, 63 Cal.2d 41, 45 [45 Cal.Rptr. 8, 403 P.2d 136]), and any ambiguity or uncertainty is to be resolved against the insurer (*Universal Underwriters Ins. Co.* v. *Gewirtz*, 5 Cal.3d 230, 246 [95 Cal.Rptr. 617, 486 P.2d 145]; *Paramount Properties Co.* v. *Transamerica Title Ins. Co.*, 1 Cal.3d 562, 569 [83 Cal.Rptr. 394, 463 P.2d 746]).

Under this compelling authority, we hold that the insurer's exclusion of liability to an insured while occupying an "automobile" owned by him does not exclude liability for injuries he sustained while he occupied a motorcycle he owned. An insurer is, of course, free to draw the policy's provision for uninsured motorist coverage to preclude liability to the insured when he occupies a "motor vehicle" owned by him, thus barring liability to the insured who drives his own motorcycle. We are not free to consider either the technicality or the fairness of the rule. (*Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

Judgments reversed.

Brown (H. C.), J., and Caldecott, J., concurred.