[Civ. No. 35667. First Dist., Div. One. Mar. 29, 1976.]

LYMAN E. HARRISON, Plaintiff and Appellant, v.
CALIFORNIA STATE AUTOMOBILE ASSOCIATION
INTER-INSURANCE BUREAU et al.,
Defendants and Respondents.

## Counsel

M. F. Hallmark for Plaintiff and Appellant.

Staiger, Yank, Molinelli & Preston, Robert W. Yank and Ralph T. Welch for Defendants and Respondents.

## Opinion

**MOLINARI, P. J.**—Plaintiff insured appeals from the denial of his petition to compel arbitration against defendants California State Automobile Association Inter-Insurance Bureau (hereinafter "AAA") and El Dorado Insurance Company (hereinafter "El Dorado").

Plaintiff was injured on March 8, 1972, in a collision with an uninsured motorist, while driving a motorcycle owned by him. A policy of insurance issued by El Dorado covering the motorcycle contained an endorsement which excluded uninsured motorist coverage. Plaintiff also owned a pickup truck which was insured by AAA. This policy contained a provision for uninsured motorist coverage.

A petition seeking arbitration against both El Dorado and AAA was filed by plaintiff and upon hearing was denied. The trial court's decision does not show the basis of its denial of the petition. The petition was submitted upon the issues tendered by the answers to the petition and pertinent copies of the insurance policies involved. The defense tendered by El Dorado was that plaintiff had waived uninsured motorist coverage. AAA's defense was that, pursuant to the terms of its policy, the injuries sustained while plaintiff was operating a motorcycle were not covered by the uninsured motorist coverage on the pickup truck. AAA also defended on the basis that El Dorado's coverage was primary and, therefore, it was excluded from liability.

The threshold question is whether these issues are the subject of arbitration or whether they are matters to be determined by the court.

We observe, initially, that subdivision (f) of section 11580.2 of the Insurance Code[1] requires that a policy providing for uninsured motorist

---

[1] Unless otherwise indicated all statutory references hereinafter made are to the Insurance Code.

coverage "shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . ." We also note that pursuant to the provisions of paragraph (1) of subdivision (a) of section 11580.2, the entire uninsured motorist coverage may be deleted by an agreement in writing in the form specified in paragraph (2) of said subdivision.

In *Freeman* v. *State Farm Mut. Auto. Ins. Co.,* 14 Cal.3d 473, 482 [121 Cal.Rptr. 477, 535 P.2d 341], the Supreme Court held that parties to an insurance contract are only required to arbitrate those issues which they had agreed to arbitrate. ■ Where the agreement to arbitrate is imposed by statute so as to make the statute a part of the contract the agreement to arbitrate is as broad as the statutory specifications. (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 479.) On the other hand, where the arbitration clause in the contract is broader than the statute, the arbitration of additional issues may be required. (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 481.)

In view of these principles, and considering only its statutory language, subdivision (f) of section 11580.2 "requires arbitration of two issues only: (1) whether the insured is entitled to recover against the uninsured motorist and (2) if so, the amount of the damages. [Citations.]" (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d 473, 480.)

■ Adverting to the proceeding to compel arbitration, we observe that it is, in essence, a suit in equity to compel specific performance of a contract (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* 14 Cal.3d 473, 479; *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal.2d 335, 347 [182 P.2d 182]), and that the powers of the superior court in passing upon a petition to compel arbitration are those prescribed and limited by the provisions of Code of Civil Procedure section 1281.2.[2] *(Freeman* v. *State Farm Mut. Auto. Ins. Co., supra.)* ■ Accordingly, in passing on a petition to compel arbitration, a court is required to determine, in advance, whether the parties have a duty under their agreement to

---

[2]Code of Civil Procedure section 1281.2, in relevant part, provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for revocation of the agreement. . . ."

arbitrate the controversy which has arisen. (*Freeman* v. *State Farm Mut. Auto. Ins. Co., supra,* at p. 480.) In making this determination the court must examine and, to a limited extent, construe the agreement. *(Freeman* v. *State Farm Mut. Auto. Ins. Co., supra.)*

In the light of the foregoing principles it is apparent that the court below had jurisdiction to determine whether there is a duty to arbitrate the controversy which has arisen. By its denial of the petition to compel arbitration the trial court determined that there was no such duty. We consider the propriety of this determination, first, as respects the AAA policy of insurance.

■ The arbitration provision of AAA's policy followed closely the language of subdivision (f) of section 11580.2 and states: "[F]or the purposes of this coverage, determination as to whether the insured . . . is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured . . . and the [AAA] or, if they fail to agree, by arbitration." Since the arbitration clause is no broader than the statute the only arbitrable issues are whether plaintiff is entitled to recover against the uninsured motorist, and if so, the amount of damages. The jurisdictional fact whether there is a duty to arbitrate these issues was one for the trial court and dependent upon a construction of AAA's uninsured motorist clause.

■ The protection against uninsured motorists in AAA's policy is contained in part IV of said policy. Under the subtitle "Exclusions" of part IV it is provided as follows: "This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying a motor vehicle (other than an insured automobile) owned by the named insured or a relative or through being struck by such motor vehicle." This exclusion conforms to the provisions of subdivision (c) of section 11580.2 providing for "Exemptions." This subdivision, in pertinent part, provides as follows: "(c) The insurance coverage provided for in this section does not apply: . . . (6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle. . . ." The term "insured motor vehicle" is defined in subdivision (b) of section 11580.2 as ". . . the motor vehicle described in the underlying insurance policy of which the uninsured motorist endorsement or coverage is a part, a temporary substitute or a newly acquired automobile for which liability coverage is provided in the policy if the motor vehicle is used by the named insured or with his permission or consent, express or implied, and any other automobile not

owned by the named insured or any resident of the same household while being operated by the named insured or his spouse if a resident of the same household, . . . ."

The Insurance Code does not define the term "motor vehicle." (See *Safeco Ins. Co.* v. *Vieth,* 33 Cal.App.3d 956, 959 [109 Cal.Rptr. 493].) The usual understanding of the meaning of the term "motor vehicle" embraces a vehicle which is self-propelled and by which a person may be carried. (*City of Norwalk* v. *Auction City, Inc.,* 186 Cal.App.2d 287, 291 [8 Cal.Rptr. 781, 83 A.L.R.2d 872]; see *Lambert* v. *Southern Counties Gas Co.,* 52 Cal.2d 347, 351 [340 P.2d 608].) In Vehicle Code section 415 a "motor vehicle" is defined as "a vehicle which is self-propelled," and in section 400 of the same code a "motorcycle" is defined as "any motor vehicle other than a tractor having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground . . . ." ▮ Under these definitions it is clear that a motorcycle is a motor vehicle within the meaning of the uninsured motorist provisions of the Insurance Code. (See *Safeco Ins. Co.* v. *Vieth, supra.*) It is not contended otherwise by plaintiff.

▮ In the instant case plaintiff was occupying and driving a motorcycle owned by him when he was injured in a collision with an automobile which was uninsured at the time of the accident. The motorcycle was not an insured motor vehicle under AAA's policy. The insured vehicle under its policy was a pickup truck. Accordingly, AAA's policy, both by its terms and consistent with the exemption authorized by section 11580.2, precluded liability to plaintiff when he sustained injuries while occupying a motorcycle owned by him which was not an "insured motor vehicle." We here observe that it is not asserted or contended by plaintiff that the motorcycle was a "temporary substitute or a newly acquired automobile for which liability coverage is provided in the policy" within the meaning of the term "insured motor vehicle" as defined in subdivision (b) of section 11580.2.

The instant case is distinguishable from *Safeco.* In that case the insurer excluded from its coverage only the liability arising from the insured's occupancy of an "automobile" owned by him. The appellate court held that such exclusion did not exclude liability for injuries sustained while the insured occupied a motorcycle. (33 Cal.App.3d at p. 959.) *Safeco* observes that the Legislature deliberately used the broad term "motor vehicle" in the uninsured motorist statute and left an insurer free to use that term in drawing a provision excluding from the uninsured motorist

coverage liability for injury of the insured while he occupies a "motor vehicle" owned by him, thus barring liability to the insured who drives his own motorcycle. (33 Cal.App.3d at p. 959.)

We now turn to the question whether plaintiff had uninsured motorist coverage under El Dorado's policy. The record discloses that El Dorado issued a policy covering plaintiff's motorcycle. That policy contains an endorsement which excludes uninsured motorist coverage. The cover sheet of the policy states that plaintiff is "not covered" by uninsured motorist coverage.

Subdivision (a) of section 11580.2 requires that a motor vehicle liability policy must provide protection for the insured against damages caused by an uninsured motor vehicle. The statute provides, however, that "The insurer and any named insured, prior to or subsequent to the issuance or renewal of a policy, may, by agreement in writing, . . . delete the provision covering damage caused by an uninsured motor vehicle (1) completely, or (2) with respect to a natural person or persons designated by name when operating a motor vehicle. . . ."

Plaintiff contends that there was no waiver of the uninsured motorist coverage because, when the policy was issued, the endorsement waiving such coverage was not executed, thus giving the impression that the policy did in fact provide such coverage. The only evidence in the record is the declaration of plaintiff's attorney that neither the cover sheet of the policy nor the attached endorsement is signed by the insurer. Plaintiff concedes in his opening brief that an application for the policy was signed by both parties. He did not, however, offer or present the application into evidence. The record is therefore silent as to whether the application provided that uninsured motorist coverage be deleted. We also observe that the entire policy was not made a part of the record. The only portions of the policy presented to the court below were the cover sheet, the endorsement excluding uninsured motorist coverage, and the general provisions of the policy providing for protection against uninsured motorists.

Plaintiff does not challenge the validity of the entire policy. To the contrary, he maintains that the policy is effective but contends that only the deletion of uninsured motorist coverage is ineffective because no company signature appears on the cover sheet or the endorsement.

■ Section 386 provides that "All policies issued by incorporated insurers shall be subscribed by the president or vice president, or, in case of the death, absence, or disability of those officers, by any two of the directors, and countersigned by the secretary of the corporation. . . ."

■ No contention is made nor was any evidence offered to show that this statute was not complied with or that the policy was not subscribed and countersigned as provided in section 386. ■ In *Legare* v. *West Coast Life Ins. Co.,* 118 Cal.App. 663, 667 [5 P.2d 682], the appellate court held that the only requirement in the law is that the policy be signed and that there is no requirement that every rider attached to a policy must, likewise, be signed. Similarly, in *Frankfort etc. Co.* v. *California etc. Co.,* 28 Cal.App. 74, 81-82 [151 P. 176], it was held that the omission to sign a schedule on the back of a policy did not have the effect of making a provision therein of no binding force where the policy was signed and the schedule was made an essential part of the policy by an express provision of the policy. *Frankfort* observes that "It is a settled rule that the receipt and acceptance by one party of a paper signed by the other only, and purporting to embody all the terms of a contract between the two, binds the acceptor, as well as the signer, to the terms of the paper. [Citations.]" (At p. 82.)

With particular regard to the uninsured motorist waiver endorsement, we observe that immediately following the provision excluding uninsured motorist coverage it is stated as follows: "The following spaces are to be completed only if this endorsement is not attached to the policy when issued." These spaces provided for the name of the insured, the endorsement number, the effective date, and a signature line to be countersigned by an authorized representative of the insurer.

■ In summary we observe that the trial court was essentially confronted with the determination of a question of law as to both insurance policies. It was called upon to interpret portions of the respective policies. Such interpretation did not turn upon the credibility of extrinsic evidence since neither party offered extrinsic evidence as an aid to interpretation; nor did either party seek to invoke the principle which permits extrinsic evidence where such evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. (See *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33, 39-40 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373]; *Estate of Russell,* 69 Cal.2d 200, 213 [70 Cal.Rptr. 561, 444 P.2d 353]; *Parsons* v. *Bristol Development Co.,* 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].) The trial court interpreted the respective policies in

the light of section 11580.2 and determined that neither policy provided for uninsured motorist coverage. Our independent examination of instruments presented to the court below leads us to the conclusion that the trial court's interpretation was correct.

The order is affirmed.

Sims, J., concurred.