[No. A028524. First Dist., Div. Five. Aug. 5, 1985.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Appellant, v. TERRENCE GALVIN et al., Defendants and Respondents.

**COUNSEL**

Ralph E. Mendell and Campbell, Warburton, Britton, Fitzsimmons & Smith for Plaintiff and Appellant.

David R Finch, Mary K. Ison and Finch & Bowen for Defendants and Respondents.

**OPINION**

**LOW, P. J.**—Plaintiff Farmers Insurance Exchange (Farmers) appeals from a declaratory judgment finding that defendant's "moped" is not a "motor vehicle" within the meaning of plaintiff's insurance policy exclusion clause and that defendants are entitled to uninsured motorist benefits. We affirm.

On August 22, 1982, defendant's son, Michael, was injured while riding defendant's moped. The driver of the other vehicle involved in the accident was an uninsured motorist. Plaintiff's policy, entitled "Your E-Z-Reader Car Policy," provided uninsured motorist coverage and was in effect at the time of the accident. It described defendant's 1979 Dodge, but did not describe the moped. The policy's exclusion clause states that its coverage does not apply to injuries sustained by a person while "occupying a motor vehicle owned by you or a family member for which insurance is not afforded under this policy or through being struck by that motor vehicle."[1] Plaintiff's policy defines motor vehicle as "a land motor vehicle or a trailer."[2]

---

[1] This wording mirrors the language of Insurance Code section 11580.2, subdivisions (c)(6), (7). The subdivisions provide: "The insurance coverage provided for in this section does not apply either as primary or as excess coverage to: . . . [¶] (6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle. [¶] (7) To bodily injury·of the insured when struck by a vehicle owned by an insured."

[2] In contrast, Insurance Code section 11580.06, subdivision (a) defines motor vehicle as "any vehicle designed for use principally upon streets and highways and subject to motor vehicle registration under the laws of this state."

Plaintiff contends that a moped is a motor vehicle within the commonsense understanding of that term and within the meaning of the Vehicle and Insurance Codes. Plaintiff further argues that public policy considerations require that a moped be deemed a motor vehicle.

I

■ Where the issue is the interpretation of an insurance contract, "it is the duty of this court to make its own independent determination of the meaning of the language used in the contract under consideration [citation]." (*California State Auto. Assn. Inter-Ins. Bureau* v. *Antonelli* (1979) 94 Cal.App.3d 113, 117 [156 Cal.Rptr. 369]; *Bareno* v. *Employers Life Ins. Co.* (1972) 7 Cal.3d 875 [103 Cal.Rptr. 865, 500 P.2d 889].) ■ The words used in an insurance policy are to be construed according to their plain meaning and the reasonable expectations of the insured. (*Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 809 [180 Cal.Rptr. 628, 640 P.2d 764].) "The understanding of an ordinary person is the standard used in construing a contract of insurance . . . ." (*Arenson* v. *Nat. Automobile & Cas. Ins. Co.* (1955) 45 Cal.2d 81, 83 [286 P.2d 816].) ■ Any ambiguity or uncertainty in an insurance policy is construed strictly against the insurer and most liberally in favor of the insured. (*New York Life Ins. Co.* v. *Hollender* (1951) 38 Cal.2d 73, 81 [237 P.2d 510].) This is particularly true where the policy contains exclusions from the principal recovery clause. "The burden rests on the insurer to phrase such . . . exclusions in clear and unmistakable language." (*Jarrett* v. *Allstate Ins. Co.* (1962) 209 Cal.App.2d 804, 810 [26 Cal.Rptr. 231].) ■ In the absence of any ambiguity, however, courts must "give effect to the contract of insurance as executed by the parties." (*Ibid.*)

The term motor vehicle as defined in plaintiff's insurance policy is ambiguous and must be construed narrowly against plaintiff and in favor of the insured.

■ A moped is "a light weight low-powered motorbike *that can be pedaled.*" (Webster's New Collegiate Dict. (9th ed. 1984) p. 771, italics added.) Various dictionary definitions of motor vehicle describe a conveyance that is heavyweight, more powerful, and self-propelled. The Random House Dictionary (college ed. 1968) page 871, cited by the trial court, defines motor vehicle as "any transportation vehicle designed for use on highways, as *an automobile, bus, or truck.*" (Italics added.) Webster's Dictionary defines motor vehicle by distinguishing it from forms of transportation like trains: "an automotive vehicle not operated on rails." (Webster's New Collegiate Dict. (9th ed. 1984) p. 775.) The American Heritage Dictionary (2d college ed. 1982) page 817, defines motor vehicle as "any

self-propelled, wheeled conveyance that does not run on rails." Plaintiff's broad and imprecise definition of motor vehicle as "a land motor vehicle or trailer" would lead the ordinary policyholder to reasonably believe that a moped is not a motor vehicle.

In arguing that a moped is a motor vehicle within the meaning of the Vehicle Code, plaintiff attempts to equate a moped with a motorcycle. Such an analogy is inappropriate. Under the Vehicle Code a moped is defined separately from motor vehicle. (Veh. Code, §§ 406, 415.)[3] Although a "motorcycle" is also separately defined (Veh. Code, § 400), it is defined as *a type of motor vehicle,* whereas a moped is not. Moped owners are exempt from the registration required under Vehicle Code section 4020, yet motorcycle owners are not. The disparate treatment of mopeds demonstrates that even our Legislature does not consider mopeds to be motor vehicles in all cases. Plaintiff also cites *Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* (1976) 56 Cal.App.3d 657 [128 Cal.Rptr. 514], which held that a motorcycle is a motor vehicle for purposes of an insurance policy exclusion clause similar to the one contained in Farmers' policy at bar. However, the implied analogy between mopeds and motorcycles is tenuous and cannot be relied upon as the basis for finding that a moped is a motor vehicle.

Plaintiff similarly argues that a moped is a motor vehicle under the provisions of the Insurance Code. Insurance Code section 11580.06, subdivision (a) defines motor vehicle as "any vehicle *designed for use principally upon streets and highways and subject to motor vehicle registration* under the laws of this state." (Italics added.) Mopeds are not designed for use principally on highways and may even be prohibited from operating on freeways. (Veh. Code, § 21960.) Motorized bicycles are specifically exempt from registration under Vehicle Code section 4020. Thus, even under the provisions of the Insurance Code, the Legislature has not consistently characterized mopeds as motor vehicles.

## II

Plaintiff contends that public policy considerations require that a moped be deemed a motor vehicle because it would be unfair to characterize a moped as a motor vehicle for purposes of insurance coverage, while refusing to characterize a moped as a motor vehicle for purposes of insurance

---

[3]Vehicle Code section 406 reads: "A 'motorized bicycle' is any two-wheeled or three-wheeled device having fully operative pedals for propulsion by human power, or having no pedals if powered solely by electrical energy, and an automatic transmission and a motor which produces less than 2 gross brake horsepower and is capable of propelling the device at a maximum speed of not more than 30 miles per hour on level ground."

Vehicle Code section 415 reads: "A 'motor vehicle' is a vehicle which is self-propelled."

policy exclusion clauses. Plaintiff ignores the fact that an entirely different rule of construction applies to exclusionary clauses as distinguished from coverage clauses. ■ Coverage clauses are interpreted broadly to afford the greatest possible protection to the insured. ■ Exclusion clauses are interpreted narrowly against the insurer. (*State Farm Mut. Auto. Ins. Co. v. Partridge* (1973) 10 Cal.3d 94, 101-102 [109 Cal.Rptr. 811, 514 P.2d 123].) The cases plaintiff cites in support of its argument that mopeds are considered motor vehicles are coverage cases, not exclusion cases.

■ The title of the policy itself in this case creates a source of ambiguity. An insurance contract entitled "Your E-Z-Reader Car Policy" could reasonably lead the ordinary person to expect that its provisions applied only to cars or trailers. Because plaintiff's definition of motor vehicle is reasonably susceptible of more than one meaning, the meaning which most favors the insured must be adopted. (*Reserve Insurance Co. v. Pisciotta, supra,* 30 Cal.3d at p. 811.) We conclude that a reasonable insured could have believed that the term motor vehicle did not include mopeds. If plaintiff wanted to exclude mopeds from uninsured motorist coverage under its policy, it was plaintiff's burden to phrase such an exclusion in clear and unmistakable language. (*Id.,* at p. 808.) The exclusion must be interpreted narrowly in favor of the insured; under plaintiff's exclusionary clause, a moped is not a motor vehicle.

The judgment is affirmed.

King, J., and Haning, J., concurred.