139 P.3d 737

James C. ARMSTRONG and Shannon M. Armstrong, Plaintiffs–Appellants,

v.

FARMERS INSURANCE COMPANY OF IDAHO, Defendant–Respondent,

and

Sweet Insurance, Inc., Defendant.

No. 31715.

Supreme Court of Idaho,
Boise, May 2006 Term.

May 25, 2006.

Rehearing Denied July 18, 2006.

---

136

Clark Law Office, Twin Falls, for appellants. Eric Clark argued.

Gjording & Fouser, PLLC, Boise, for respondent. Elaine Lee argued.

EISMANN, Justice.

This case involves a claim under the underinsured motorist coverage of an insurance policy. The plaintiffs claim that the insurance policy covering their Chevrolet pickup also provided coverage for injuries received while operating an off-road motorcycle. The district court granted the insurer's motion for summary judgment holding that the insurance policy did not grant coverage. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On September 21, 2003, Jim Armstrong and his nephew were riding motocross motorcycles in the desert. Armstrong lost control of his motorcycle and crashed. While he was still lying on the ground, his nephew ran over his legs, severely injuring him. The insurer of the nephew's motorcycle paid the policy limit of $25,000.

Armstrong had purchased an insurance policy on his Chevrolet pickup from the Farmers Insurance Company of Idaho (Farmers). He made a claim under the underinsured motorist coverage of that policy. After Farmers denied coverage, Armstrong and his wife filed this action on April 5, 2004. In their amended complaint, the Armstrongs sought to recover damages from Farmers for breach of the insurance contract and from Farmers and the insurance agent for negligence.

Farmers moved for partial summary judgment dismissing the breach of contract claim. After the district court granted that motion, the parties stipulated to dismiss the negligence claims. The Armstrongs then appealed.

## II. ANALYSIS

 The issue on this appeal is whether the insurance policy unambiguously excludes coverage in this case. Whether an insurance policy is ambiguous is a question of law over which this Court exercises free review. *Purdy v. Farmers Ins. Co. of Idaho*, 138 Idaho 443, 65 P.3d 184 (2003). A policy provision is ambiguous if it is reasonably subject to differing interpretations. *Id.* When deciding whether or not a particular provision is ambiguous, we must consider the provision within the context in which it occurs in the policy. *Id.*

The insurance policy included endorsement E1210, which provided as follows:

### ENDORSEMENT ADDITION REGULAR AND FREQUENT USE EXCLUSION TO PART II

It is agreed that the following exclusion is added to the Exclusions under Part II of your policy.

> Uninsured Motorist Coverage (and Underinsured Motorist Coverage if applicable) does not apply to **damages** arising out of the ownership, maintenance, or use of any vehicle other than **your insured car** (or **your insured motorcycle** if this is a motorcycle policy), which is owned by or furnished or available for the regular use by you or a **family member.**[1]

This endorsement is part of the policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy.

Part II of the policy relates to uninsured and underinsured motorist coverage. The Armstrongs challenge this exclusion on several grounds.

First, they argue that the exclusion can be no broader than its title. They point out that the title states it is a "regular and frequent use exclusion," while the wording of the endorsement also applies to vehicles "owned" by the insured. They cite no authority for the proposition that the title to a portion of the policy must include or refer to all provisions in that portion of the policy. Likewise, they cite no authority for the proposition that the terms of an insurance policy are limited to the wording of the titles of the various policy provisions. The title to this endorsement stated that it was adding an exclusion to the policy. A reasonable person would know that the insurance contract includes all of the various provisions in the policy and that he or she must read more than the titles to determine the coverage provided. In addition, as Farmers argues, a vehicle owned by the insured is certainly available for regular and frequent use by the insured. There is nothing misleading about the endorsement. Even if the words "owned by or" were deleted from the endorsement, it would still apply in this case. The motorcycle owned by Armstrong was available for his regular use.

Second, the Armstrongs quibble with the word "addition" in the title to the endorsement. They argue that it indicates the exclusion was added to the policy, not that it modified or narrowed the terms of the policy. The endorsement was added to the standard policy. The endorsement stated, "This endorsement is part of the policy. It supersedes and controls anything to the contrary." There is nothing ambiguous about the word "addition" in the title to the endorsement.

Third, the Armstrongs challenge the phrase, "arising out of the ownership, maintenance, or use of any vehicle other than **your insured car.**" In *Clark v. Prudential Property and Cas. Ins. Co.*, 138 Idaho 538, 541, 66 P.3d 242, 245 (2003), we stated, "The burden is on the insurer to use clear and precise language if it wishes to restrict the scope of coverage and exclusions not stated with specificity will not be presumed or inferred." "The language of standardized contracts must necessarily be somewhat general, in anticipation of varying circumstances and

---

1. The bolded language in all of the quoted policy provisions was in the original.

facts." *Foster v. Johnstone*, 107 Idaho 61, 65, 685 P.2d 802, 806 (1984). Farmers is not asking us to presume or infer an exclusion; it only asks us to apply the exclusions contained in the policy.

The Armstrongs argue that this phrase "arising out of the ownership, maintenance, or use of any vehicle other than **your insured car**" is not clear, precise or specific. They rely upon *Farmers Insurance Exchange v. Galvin*, 170 Cal.App.3d 1018, 1023, 216 Cal.Rptr. 844, 846 (Cal.Ct.App.1985), which held that "a reasonable insured could have believed that the term motor vehicle did not include mopeds." At issue in *Galvin* was a provision excluding coverage for injuries sustained by a person occupying a motor vehicle owned by the insured but not covered in the policy. A father had obtained coverage for his 1979 Dodge, but not his moped, and his son was injured while riding the moped. The father contended that the exclusion for other owned motor vehicles did not apply to the moped because it was not a motor vehicle. The *Galvin* court agreed, relying upon the facts that mopeds were designed to be propelled by pedaling in addition to their motors; that they were exempt from registration under the Vehicle Code; and that while motorcycles were defined as being motor vehicles under the Vehicle Code, mopeds were not. It stated that while a motorcycle had been held to be motor vehicle under a similar exclusionary clause, "the implied analogy between mopeds and motorcycles is tenuous and cannot be relied upon as the basis for finding that a moped is a motor vehicle." 170 Cal.App.3d at 1022, 216 Cal. Rptr. at 846. The instant case involves a motorcycle, not a moped. A motorcycle is defined as a motor vehicle under the Idaho motor vehicle code. I.C. § 49–114(10).

Finally, the Armstrongs argue that this exclusion does not apply because it conflicts with another similar exclusion in the insurance policy. That exclusion states, "This [uninsured and underinsured motorist] coverage does not apply to **bodily injury** sustained by a person: 1. While **occupying** any vehicle

owned by you or a **family member** for which insurance is not afforded under this policy or through being struck by that vehicle."[2] They rely upon *Farmers Insurance Co. of Idaho v. Talbot*, 133 Idaho 428, 987 P.2d 1043 (1999), in which we held an ambiguity was created by two conflicting provisions limiting underinsured motorist coverage. Under one provision, the underinsured motorist coverage was the difference between the insured's damages and the amount paid by the other driver's liability insurer, up to the limits of the underinsured motorist coverage. Under the other provision, the coverage was the difference between the underinsured policy limits and the amount paid by the other driver's insurer. In *Talbot*, the policy did not state which of the conflicting provisions applied. In the instant case, the endorsement at issue states, "This endorsement is part of the policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy."

The Armstrongs contend, however, that another underinsured-motorist-coverage endorsement designated E1179i creates an ambiguity. That endorsement also includes a provision, "This endorsement is part of the policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy." In addition, it states, "Under Part II of the policy the provisions that apply to Exclusions and Arbitration remain the same and apply to this endorsement." The Armstrongs argue that an ambiguity is created because endorsement E1179i states the exclusion provisions of the policy remain the same while endorsement E1210 changes those exclusion provisions.

A provision in an insurance policy is ambiguous only if subject to two different reasonable interpretations. *Purdy v. Farmers Ins. Co. of Idaho*, 138 Idaho 443, 65 P.3d 184 (2003). "There is no obligation on courts to countenance a tortured construction of an insurance contract's language in order to create an ambiguity and thus provide an avenue for coverage where none exists." *Mutual of Enumclaw Ins. Co. v. Roberts*, 128 Idaho

---

**2.** The Armstrongs also contend that this provision does not exclude coverage because Armstrong was not "occupying" the motorcycle

when he was injured. He was lying on the ground near, but not touching, the motorcycle.

232, 236, 912 P.2d 119, 123 (1996). Endorsements E1179i and E1210 both modify the terms of the basic policy. There is no conflict between the provisions of these two endorsements. The challenged language of endorsement E1179i simply defines the scope of the endorsement's impact, stating that it does not modify the exclusions in the policy. Endorsement E1210 does modify one of the exclusions. Given a common-sense interpretation, there is no ambiguity.

 Farmers also denied coverage based upon endorsement E1179i, which defined the phrase "underinsured motor vehicle." Under that endorsement, "[a]n **underinsured motor vehicle** does not include a land **motor vehicle:** ... (d) which are farm tractors and other off road designed vehicles and equipment." They argue that the phrase "other off road designed vehicles" should be limited to those that are farm vehicles. The motorcycle that struck James Armstrong was designed solely for off-road use, but it was not a farm vehicle. This exclusion is unambiguous. As written, it is clear that the word "farm" modifies only the word "tractors" and not the remaining words in the provision. Thus, the exclusion also applies to "other off road designed vehicles," which includes the motocross motorcycle being ridden by James Armstrong's nephew.

The Armstrongs also contend that this exclusion is nonsensical if read in context of the policy's definition of "motor vehicle." The policy states that a motor vehicle does not include a vehicle "[w]hich is a farm type tractor, or any equipment designed or modified for use principally off public roads while not on public roads." They contend that the exclusion is nonsensical because it is broader than the policy provision limiting the meaning of the words "motor vehicle."

Endorsement E1179i adds underinsured motorist coverage to the policy. It states that the definitions contained in the endorsement apply only to underinsured motorist coverage. It also provides that the endorsement "supersedes and controls anything to the contrary" in the policy. Thus, if there is a conflict between the policy definition of "motor vehicle" and the endorsement's definition of "underinsured motor vehicle," the

provisions of the endorsement control. It clearly excludes coverage in this case.

## III. CONCLUSION

We affirm the judgment of the district court. We award costs on appeal to the respondent.

Chief Justice SCHROEDER and Justices TROUT and JONES concur.

Justice BURDICK sat but did not participate in discussions or vote.

