**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45239**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 19** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  April 12, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **CHAD CHRISTOPHER McKIE,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge; Hon. Kevin Swain, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for driving under the influence, <u>affirmed</u>.

Vernon K. Smith, Jr., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Chad Christopher McKie appeals from the district court's intermediate appellate decision affirming his conditional guilty plea to driving while under the influence (DUI).  McKie challenges the district court's affirmance of the magistrate's ruling that a moped is a motor vehicle for purposes of the DUI statute.  For the following reasons, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

McKie operated a moped, with a malfunctioning taillight, in a bike lane.  McKie was stopped and ultimately arrested.  The State charged McKie with driving under the influence of alcohol, Idaho Code § 18-8004, with an excessive blood alcohol content; fictitious display of plate or registration card; and failure to provide proof of insurance.  McKie filed a motion to

1

dismiss the DUI charge, arguing that because his moped was not a motor vehicle as defined by Idaho statute the court did not have subject matter jurisdiction. The magistrate ruled the issue was not jurisdictional and denied the motion as untimely. Nonetheless, the magistrate, relying on *State v. Trusdall*, 155 Idaho 965, 318 P.3d 955 (Ct. App. 2014), ruled that for purposes of the DUI charge, a motor vehicle is a self-propelled vehicle, stating that the precise definition was an issue to be dealt with at trial in a jury instruction.

Subsequently, the parties stipulated to facts, and McKie entered a conditional guilty plea to DUI. For purposes of this appeal, the pertinent stipulated facts are: that McKie was in actual physical control of and was driving a vehicle, in the bicycle lane, on a publicly maintained roadway that is open to the public; that, as he drove, he was wobbling in his lane and the taillight of the vehicle was not functioning properly; that he was stopped by an officer who observed signs of intoxication; that the vehicle driven by McKie was a self-propelled vehicle as defined by I.C. § 49-123(2)(h); that the vehicle was a moped as defined by I.C. § 49-114(9); that the moped driven was neither titled nor registered; that McKie was subjected to standard field sobriety tests, administered by a trained and certified officer; that McKie was arrested for driving under the influence; and that a blood analysis test revealed a blood alcohol concentration to 0.253.

McKie entered a conditional guilty plea to DUI, preserving the right to appeal the magistrate's ruling "that the vehicle in question here was a motor vehicle." The magistrate entered a judgment of conviction and sentence and ordered a stay of execution pending appellate review. McKie timely appealed to the district court. In affirming the magistrate's ruling regarding the definition of "motor vehicle," the district court held that the DUI statute applied because McKie operated a self-propelled vehicle, a moped, while intoxicated. The district court further held that McKie was procedurally barred from raising the issue of whether the DUI statute was unconstitutionally vague as applied to him. McKie again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415,

224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Trusdall*, 155 Idaho at 968, 318 P.3d at 958. Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

The district court affirmed the magistrate's ruling, reasoning that a moped is a motor vehicle under the DUI statute. On appeal, McKie argues that district court erred in affirming the magistrate's ruling that a moped was a motor vehicle because the 2008 amendments to the Idaho Code eliminated mopeds from the definition of motor vehicles. The State argues the plain language of the statute does not exclude mopeds from the definition of motor vehicles.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Idaho Code § 18-8004 provides in pertinent part:

> It is unlawful for any person who is under the influence of alcohol . . . to drive or be in actual physical control of a motor vehicle within this state, whether

3

upon a highway, street or bridge, or upon public or private property open to the public.

In defining "motor vehicle," we rely on I.C. § 49-123(2)(h). *State v. Barnes*, 133 Idaho 378, 381, 987 P.2d 290, 293 (1999); *Trusdall*, 155 Idaho at 969, 318 P.3d at 959. Idaho Code § 49-123(2)(h) provides:

> Every vehicle which is self-propelled, and for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code. Motor vehicle does not include vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code.

This Court interpreted portions of this provision to determine whether a utility type vehicle (UTV) is a motor vehicle for purposes of the DUI statute. *Trusdall*, 155 Idaho at 969-70, 318 P.3d at 959-60. In *Trusdall*, we rejected the argument that because the vehicle, a UTV, did not meet federal motor vehicle safety standards, it was not a "motor vehicle" for purposes of the DUI statute. *Id.* We concluded that a UTV was a motor vehicle because it was self-propelled and based on the plain language of the statute, the phrase regarding federal motor vehicle safety standards only applied to registration and titling requirements and failure to meet them did not withdraw such vehicles from the definition of motor vehicles. *Id.* We reasoned that to so read the statute otherwise would render language in the statute superfluous and thus contradict the directive that all words and provisions of the statute are to be given effect. *Id.* at 970, 318 P.3d at 960. *Trusdall* did not however, address the final portion regarding vehicles excluded from the definition of motor vehicles.

McKie argues the phrase "or other such vehicles" is disjointed from the three specifically named mobility devices and is a stand-alone general category that exempts all vehicles which, by virtue of any subsection of title 49, are excluded from titling or registration requirements. In support McKie relies on the 2008 Amendments, which added the language in the last sentence in I.C. § 49-123(2)(h) as well as the language that exempted mopeds from titling requirements in I.C. § 49-114(9). McKie also relies on two cases which have no bearing on this case.[1] The State

---

[1] McKie cites to *Armstrong v. Farmers Ins. Co. of Idaho*, 143 Idaho 135, 139 P.3d 737 (2006). In *Armstrong*, the Idaho Supreme Court distinguished the appellant's case from a California case that held a moped was not a motor vehicle for purposes of a contractual insurance policy because appellant's vehicle was not a moped but rather a motorcycle. *Id.* at 138, 139 P.3d at 740. McKie also relies on a magistrate order issued out of Ada County. The

argues that the phrase "or other such vehicles" refers only to vehicles that are similar to the three previously listed vehicles and is not an exclusion from the definition of motor vehicles in its own right.

Based on the plain meaning of the statutory language, the statute can be broken up into three parts. First, a motor vehicle is any vehicle which is self-propelled. Second, for purposes of titling and registration, the vehicle must also meet federal motor vehicle safety standards as defined in I.C. § 49-107. Third, certain vehicles are not motor vehicles. The parties stipulated that McKie's moped is self-propelled, and the second part of the statute is inapplicable to the instant case. Therefore, the moped is a motor vehicle for purposes of the DUI statute unless it is excluded.

The excluded vehicles are "vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements . . . ." I.C. § 49-123(2)(h). It is clear that McKie's moped is not one of the three specifically listed vehicles. A moped is not a vehicle moved solely by human power. A moped is not an electrical personal assistive mobility device. Likewise, a moped is not a motorized wheelchair. The issue that has not been answered in Idaho yet, is whether the phrase "or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code" applies to mopeds which are specifically exempt from titling requirements under I.C. § 49-114(9). McKie argues his moped is a "vehicle[] that [is] specifically exempt from titling or registration requirements under title 49, Idaho Code." While this is true, it does not necessarily follow that a vehicle that is exempt from titling or registration requirements is equally exempt from the definition of motor vehicles for purposes of the DUI statute.

McKie's argument is premised on two assumptions regarding the third part of the statutory definition of motor vehicle. First, that the list of excluded vehicles is a disjunctive list and second, that the titling and registration exclusion applies to all vehicles. The State contends this reading of the sentence structure is incorrect and argues the list of excluded vehicles is

---

order was not provided to us, nor is it clear what was determined in the case. The citation McKie provides is: *State of Idaho v. Elijah C. Udeochu*, Case No. CR-MD-2011-0005485 (4th Dist. Ct., Ada County, 2011).

conjunctive. Additionally, the State argues that the titling and registration exclusion applies to a limited number of vehicles--those that are similar to those specifically articulated.

To answer these questions, we look to the grammatical construction of the statute as the legislature intended the statute to be construed according to generally accepted principles of English grammar. *State v. Troughton*, 126 Idaho 406, 411, 884 P.2d 419, 424 (Ct. App. 1994). First, the "and" signifies a conjunctive list, including three specific types of vehicle and one general category of vehicle. Although the general category follows a disjunctive "or," grammatically speaking, the "or" merely introduces a definitional equivalent to the specifically articulated exceptions. Said differently, the "or" introduces the catchall. Therefore, in reading the sentence as a conjunctive list, the statute presents three specific types of vehicles and one general catchall.

McKie argues that the general catchall includes all vehicles that are exempt from titling or registration requirements. The State argues the general category only includes those vehicles which are similar to those previously listed. When a statute contains an enumeration or list of specific items followed by general words, the *ejusdem generis* rule is applicable. *State v. Hart*, 135 Idaho 827, 831, 25 P.3d 850, 854 (2001). Under this grammatical canon, "the general words will be construed as meaning persons or things of like or similar class or character to those specifically enumerated." *Id.* Additionally, the rule *ejusdem generis* is to be considered in connection with the rule of construction that effect must be given to all the words of the statute if possible, so that none will be void, superfluous or redundant. *Id.*

The qualifier "vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code" is preceded by the phrase "other such." "Such" is defined as "of the same class, type, or sort." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2283 (1993). Because the list is a disjunctive list and is prefaced by "such," the qualifier "vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code" does not apply to all vehicles exempted within title 49, but rather only to vehicles similar to those listed in the statute. A moped is not similar to a vehicle moved solely by human power, an electrical personal assistive mobility device, or a motorized wheelchair. Therefore, a moped is not within the catchall of excluded vehicles.

Additionally, adopting McKie's interpretation would make the "vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code" and

6

"vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs" language superfluous because the language is unnecessary if the legislature simply intended to exclude all vehicles that did not require titling or registration. Further, McKie's reading of the statute ignores the word "such" as explained above and its ordinary syntactical use. The moped McKie operated is a motor vehicle because it is self-propelled and is not within any of the exceptions.

## IV.

## CONCLUSION

Applying the ordinary rules of grammar and the plain meaning of the words chosen by the legislature, the exclusion of vehicles without titling and/or registration requirements only applies to vehicles that are of the same class, type, or sort as those listed in the statute. Since a moped is not a vehicle that is of the same class, type, or sort of vehicle listed in the statute, a moped is not within the exclusions to the definition of motor vehicle. Therefore, a moped is a motor vehicle for purposes of the DUI statute. Accordingly, the district court's decision on intermediate appeal from the magistrate is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.