RITA M. NOEL & another[1] *vs.* METROPOLITAN PROPERTY &
LIABILITY INSURANCE COMPANY.

No. 95-P-468.

Middlesex. March 7, 1996. - November 14, 1996.

Present: BROWN, GREENBERG, & FLANNERY, JJ.

*Practice, Civil,* Summary judgment. *Insurance,* Coverage, Uninsured motorist, Construction of policy. *Contract,* Insurance.

An insurer's denial of a claim on the ground that its insured was not legally responsible did not constitute a denial of coverage so as to render its insured "uninsured" for purposes of G. L. c. 175, § 113L, and the policy of automobile insurance at issue. [595-597]

CIVIL ACTION commenced in the Superior Court Department on February 22, 1994.

The case was heard by *Thayer Fremont-Smith,* J., on a motion for summary judgment.

*Alice Olsen Mann* for the defendant.

*Brenda P. Maille* for the plaintiffs.

BROWN, J. The defendant, Metropolitan Property & Liability Insurance Company (Metropolitan), appeals from the denial of its motion for summary judgment and the entry of summary judgment in favor of the plaintiffs, Rita M. Noel and her husband, Roland J. Noel. The sole issue on appeal is whether an insurer's denial of a claim on the ground that its insured is not legally responsible constitutes a denial of coverage so as to render its insured "uninsured" for purposes of G. L. c. 175, § 113L, and the policy at issue. We conclude that it does not.

On or about July 3, 1990, the plaintiffs were involved in a collision with a vehicle driven by one Arnold Sussman. Following the accident, the plaintiffs filed a claim for damages

[1]Roland J. Noel.

with Sussman's insurer, Allstate Insurance Company (Allstate). In a letter dated February 3, 1993, Allstate notified the plaintiffs that it was denying payment of their claim. As the basis for this denial, Allstate stated that, since the accident was caused by the sudden onset of symptoms from a brain tumor of which Sussman had been previously unaware, Sussman, its insured, was not legally responsible.[2]

The plaintiffs subsequently filed a "Complaint for Arbitration" in the Superior Court against their insurer, Metropolitan, seeking to recover under the uninsured motorist provision of that policy.[3] The plaintiffs asserted that Allstate's denial of their claim rendered Sussman uninsured. The judge apparently agreed and entered summary judgment in favor of the plaintiffs. Because the policy provided that to recover under the uninsured motorist provision the insured must be legally entitled to recover from the uninsured motorist and that, if the company and the injured person could not agree as to whether the person was legally entitled to recover, the matter would be decided by arbitration, the judge then referred the case to an arbitrator to determine whether the plaintiffs were legally entitled to recover damages from Sussman.[4] See *Aetna Cas. & Sur. Co.* v. *Faris,* 27 Mass. App. Ct. 194 (1989). Metropolitan promptly filed this appeal. For the reasons stated below, we reverse the trial judge's ruling and enter judgment in favor of Metropolitan.[5]

Summary judgment will be upheld on appeal if "certain factors converge to convince us that the trial judge was ruling in this case on undisputed facts and . . . that his ruling was correct as matter of law." *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 556 (1976).

---

[2]The letter, in part, reads as follows: "According to my records, the [accident] was a result of my insured losing consciousness which was caused by a brain tumor. Since my insured was unaware of this brain tumor, he was not responsible for the accident."

[3]At the time of the accident Rita Noel was driving a vehicle which was, in fact, owned and insured by her husband. This, however, is not relevant to the disposition of this case.

[4]Part 3 of the policy provides, in pertinent part: "We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured . . . auto." See also G. L. c. 175, § 113L.

[5]Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). See *Cassesso* v. *Commissioner of Correction,* 390 Mass. 419, 422 (1983).

This case turns on the proper interpretation of the Metropolitan policy. "The responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court." *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982). *Lumberman's Mut. Cas. Co.* v. *Hanover Ins. Co.*, 38 Mass. App. Ct. 53, 56 (1995). Where no ambiguity exists, we will construe the words of an insurance policy according to their ordinary meaning. *Royal-Globe Ins. Co.* v. *Schultz*, 385 Mass. 1013 (1982).

As mandated by G. L. c. 175, § 113L, the Metropolitan policy provides coverage for bodily injury caused by uninsured vehicles. Part 3 of the policy, entitled "Bodily Injury Caused By An Uninsured Auto," reads, in relevant part, as follows:

> "Sometimes an owner or operator of an auto legally responsible for an accident is uninsured. Some accidents involve unidentified hit and run autos. Under this part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured or hit and run auto. . . . Sometimes the company insuring the auto responsible for an accident will *deny coverage* or become insolvent. We consider such an auto to be uninsured for purposes of this Part. . . ." (Emphasis supplied.)

Contrary to the plaintiffs' contention, we do not think that Allstate's denial of their claim constituted a denial of coverage for purposes of this section. There is a distinction between a denial of coverage by an insurer and denial of a claim on the ground that its insured is not legally responsible. The former involves a determination as to whether the particular claim asserted is one to which the policy was intended to apply, whereas the latter involves a determination as to the viability of the claim itself. " 'Coverage' and 'claim' are by no means synonymous; . . . an insurer against whom a claim is made will frequently deny such claim on issues relating to liability even though coverage actually is afforded in the event that the question of liability is eventually determined against it." *Page* v. *Insurance Co. of N. America*, 256 Cal. App. 2d 374, 380 (1967) (construing "uninsured motor vehicle" under Cal-

ifornia statute). This, however, does not render the insured uninsured as to that claim. The aggrieved party may still file suit against the alleged tortfeasor and, if successful, recover from that person's insurer, so long as the claim is within the scope of the policy. See generally 8C Appleman & Appleman, Insurance Law & Practice § 5076.15, at 151 (1981) ("A denial of [a] plaintiff's claim is not, of course, necessarily a denial of coverage").

In the case at bar, it is uncontroverted that Sussman had insurance coverage for damages to persons injured by his automobile in an accident for which he was legally responsible. Thus, we do not think Sussman is uninsured or lacking in coverage within the meaning of the policy. "The rationale of *un*insured motorist coverage is that it compensates injured persons in cases where the responsible tortfeasor is presumed to have *no* insurance or other assets with which to pay compensation to the victim" (emphases original). *MacInnis* v. *Aetna Life & Cas. Co.*, 403 Mass. 220, 225 n.8 (1988).[6] The statute mandating that automobile policies provide protection against uninsured motorists, G. L. c. 175, § 113L, "was enacted with the broad objective of ensuring that victims of automobile accidents would be adequately compensated for their injuries when the accidents are caused by the negligence of unidentified motorists or motorists with insufficient or no liability coverage." *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 285 (1991).[7] Here, if Sussman were found liable, the plaintiffs would be able to recover from Allstate.[8]

---

[6]The plaintiffs further argue that the term coverage is ambiguous and that this ambiguity is to be resolved against the insurer. However, the rule of strict interpretation against the author of a contract is inapplicable where, as here, the policy language is controlled by the Commissioner of Insurance and not the insurer. *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 633 n.6 (1992).

[7]General Laws c. 175, § 113L(1), as appearing in St. 1988, c. 273 , § 46, provides in pertinent part: "No policy shall be issued . . . in this commonwealth with respect to a motor vehicle . . . unless such policy provides coverage . . . , under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, sickness or disease, including death resulting therefrom . . . ."

[8]The defendant has brought to our attention that subsequent to the ruling in this case below, a jury returned a verdict for Sussman in the separate tort action brought by the Noels against Sussman.

Even if we were to conclude that Allstate's denial of the claim in this instance also constituted a denial of coverage (on the theory that the policy did not provide coverage for the type of accident allegedly involved here, where Allstate's insured *caused* the accident but apparently was not negligent or "at fault" [and hence not liable in any tort action]), under our reading of the provision in question, the plaintiffs would still be unable to recover because the third sentence of this part of the policy provides that the company "will pay only if the injured person is *legally* entitled to recover from the owner or operator of the uninsured or hit and run auto" (emphasis supplied).

We note that this case differs from the usual situation in that here apparently neither the driver of the car causing the accident nor the plaintiff victims were at fault; the driver of the car responsible for the accident was insured and the plaintiff-victims had sought to protect themselves by taking out additional uninsured motorist coverage; yet, apparently there was no way for the plaintiffs to protect themselves against this risk, despite the fact that the aim in making uninsured motorist coverage mandatory under G. L. c. 175, § 113L, is "to minimize the possibility of catastrophic financial loss [to] the victims of an automobile accident." *Cardin* v. *Royal Ins. Co. of America*, 394 Mass. 450, 454 (1989), quoting from 1968 Senate Doc. No. 1030, at 7. Given the provisions of the policy in question here, we are constrained to reverse. There appears to be a gap in the protection provided by the statute and the approved automobile insurance policy; this is a matter the Legislature or the Commissioner of Insurance may wish to address.

In passing, we note that Metropolitan also urges this court to find that the plaintiffs are not entitled to underinsurance coverage under the Metropolitan policy. However, the plaintiffs did not allege, nor did the judge conclude, that they were entitled to underinsurance coverage, and the issue, therefore, is not before us.

The order granting summary judgment on behalf of the plaintiffs is reversed, and an order shall be entered granting summary judgment for the defendant. The judgment is vacated, and a new judgment is to enter for the defendant.

*So ordered.*