66 P.3d 242

Richard CLARK, individually, Julie Clark, individually, Allan Clark and Michael Clark, minors, by and through their parent and guardian, Richard Clark, Plaintiffs–Appellants,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant–Respondent.

No. 28126.

Supreme Court of Idaho,
Boise, December 2002, Term.

March 11, 2003.

Litster Law Offices, Boise, for appellants. Mitchell Ronald Barker argued.

Cantrill, Skinner, Sullivan & King, LLP, for respondent. Robert D. Lewis argued.

TROUT, Chief Justice.

This is an action to enforce an "uninsured motor vehicle" provision in an automobile insurance policy. The insured appeals a district court decision on cross motions for summary judgment holding the insurance policy did not provide coverage for the accident at issue.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Richard Clark (Mr. Clark), was a passenger in a vehicle driven by his wife, Julia Clark (collectively, the Clarks). As the Clarks proceeded on Highway 95 in Nevada, a truck driven by Ed Rutherford (Rutherford) approached from the opposite direction. As the two vehicles passed, a pipe struck the drive train of Rutherford's truck, bounced on the pavement and came through the windshield of the Clarks' vehicle impaling Mr. Clark's arm at the elbow.

The police report states the pipe was already on the highway when Rutherford approached; however, the Clarks claim the pipe fell from Rutherford's truck. Rutherford, who told the police he did not see the pipe in the road, did not initially stop but was soon intercepted and returned to the scene and provided the Clarks with his insurance information.

The Clarks initially made a claim against Rutherford's insurance policy for injuries sustained as a result of the accident. Rutherford's insurer denied liability claiming the pipe did not come off the Rutherford truck and Rutherford was not negligent. The Clarks then made a claim on their own insurance policy provided by Respondent, Prudential Property and Casualty Company (Prudential). The Prudential policy contains the following pertinent language:

If you have [uninsured motorist] coverage ... we will pay up to our limit of liability for bodily injury that is covered under this part when an insured, whether or not occupying a car, is struck by an uninsured vehicle. Our payment is based on the amount that an insured is legally entitled to recover for bodily injury but could not collect from the owner or driver of the vehicle because:

● THE COVERAGE OF THE OWNER OR DRIVER IS DENIED

The owner or driver responsible for the accident has liability coverage at the time of the accident but for some reason the company writing the insurance or bond denies coverage or is (or becomes) insolvent.

● THE ACCIDENT IS HIT AND RUN

The owner and driver of the motor vehicle which caused bodily injury by hitting a person insured under this part (or by hitting a car that person was occupying at the time of the accident) cannot be identified.

Prudential denied payment claiming the Clarks were not "struck by an uninsured vehicle," because (1) the Clarks were not

struck by a vehicle and (2) the vehicle in question [Rutherford's] was not uninsured.

On March 8, 2000, the Clarks filed a complaint against Prudential in the Fourth Judicial District of Idaho.[1] Prudential counterclaimed for declaratory relief to determine its rights and obligations under the policy. On cross motions for summary judgment, the trial judge determined the Clarks' uninsured motorist policy did not cover the accident, because Rutherford's vehicle was not uninsured within the meaning of the policy. Finding this determination dispositive, the trial court filed a Memorandum Decision and Order on August 9, 2001.

On August 23, 2001, the Clarks brought to the trial court a motion to alter, amend or reconsider the decision. The Clarks argued the trial court's determination that Rutherford was not uninsured within the meaning of the policy was not dispositive, since there was a second provision of coverage under the uninsured motorist policy for hit-and-run drivers. The Clarks argued there was a dispute of fact as to whether the pipe came from Rutherford's vehicle or a second "phantom" vehicle. If a second "phantom" car had negligently left the pipe in the road, then, the Clarks reasoned, the accident would trigger hit-and-run coverage. The district judge denied the Clarks' motion, determining as a matter of law, the Clarks could not collect under the hit and run provision of the insurance contract because, under the hit-and-run factual scenario, there was no collision as required by the policy. The district judge determined the Clarks' contact with the pipe set into motion by Rutherford's truck lacked an appropriate nexus with the alleged "phantom" vehicle and, therefore, the collision requirement could not be met.

## II.

## STANDARD OF REVIEW

This Court's review of a trial court's ruling on a motion for summary judgment is the same standard used by the trial court in originally ruling on the motion. *Sun Valley v. Rosholt, Robertson & Tucker*, 133

Idaho 1, 3, 981 P.2d 236, 238 (1999). Pursuant to I.R.C.P. 56(c), summary judgment must be granted when "the pleadings depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* This Court liberally construes the record in favor of the party opposing the motion for summary judgment and draws any reasonable inferences and conclusions in that party's favor. *Id.* at 4, 981 P.2d at 239. If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994).

## III.

## DISCUSSION

### A. The District Court Properly Granted Summary Judgment in Favor of Prudential.

The Clarks pose two alternative bases for coverage depending on the origin of the pipe involved in the accident. If the pipe at issue originated with the Rutherford vehicle, then the Clarks seek coverage under the uninsured motorist provision of the policy. Alternatively, if the pipe came from a third, unidentified, "phantom" vehicle, then the Clarks seek coverage under the hit-and-run provision of the policy. This Court determines that under either factual scenario, the Clarks are not entitled to judgment as a matter of law.

When interpreting insurance policies, this Court applies the general rules of contract law subject to certain special canons of construction. *Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 352, 766 P.2d 1227, 1233 (1988); *Mutual of Enumclaw Ins. Co. v. Roberts*, 128 Idaho 232, 235, 912 P.2d 119, 122 (1996). Beginning with the plain language of the insurance policy, the first step is to determine whether or not there is an ambiguity. *Martinez v. Idaho Counties Re-*

---

1. In addition, the Clarks also filed a lawsuit against Rutherford in Nevada on June 7, 2001. The status of the Nevada lawsuit is not available from the record.

*ciprocal Management Program,* 134 Idaho 247, 250, 999 P.2d 902, 905 (2000). Determining whether a contract is ambiguous is a question of law upon which this Court exercises free review. *Id.* Where the policy language is clear and unambiguous, coverage must be determined, as a matter of law, according to the plain meaning of the words used. *Mutual of Enumclaw,* 128 Idaho at 235, 912 P.2d at 122. Where the policy is reasonably subject to differing interpretations, the language is ambiguous and its meaning is a question of fact. *Moss v. Mid-America Fire and Marine Ins. Co.,* 103 Idaho 298, 300, 647 P.2d 754, 756 (1982). To determine the meaning of an ambiguous contract, the trier of fact must determine what a reasonable person would have understood the language to mean and the words used must be construed given their ordinary meaning. *Mutual of Enumclaw,* 128 Idaho at 235, 912 P.2d at 122.

■■■ In addition, because insurance policies are contracts of adhesion, not typically subject to negotiation between the parties, ambiguities must be construed most strongly against the insurer. *Id.* The burden is on the insurer to use clear and precise language if it wishes to restrict the scope of coverage and exclusions not stated with specificity will not be presumed or inferred. *Moss,* 103 Idaho at 300, 647 P.2d at 756.

This Court considers the contract language in the context of each of the two proposed factual scenarios and finds the contract unambiguously does not provide coverage. No matter the origin of the pipe, the Rutherford vehicle is ultimately responsible for setting the stationary pipe into motion and, thus, causing the accident at issue. Because Rutherford has been identified and is not uninsured, the uninsured motorist provision does not apply; nor is this a hit and run accident.

*1. If the Pipe Originated with the Rutherford Vehicle*

■■■ If the pipe originated with the Rutherford vehicle, then the Clarks argue for coverage under the uninsured motorist provision of their policy. This provision requires (1) the insured, whether or not occupying the vehicle, must be struck by an uninsured mo-tor vehicle and (2) the insured must be entitled to recover for bodily injury but unable to collect from the owner or driver of the uninsured motor vehicle because the owner or driver responsible for the accident has liability coverage but the company writing the insurance denies coverage or becomes insolvent.

■■■ This provision does not apply on these facts because Rutherford's insurer did not deny coverage for the accident; rather, it denied Rutherford's liability for the accident. As the district court explained, there is a difference between denying coverage and denying liability. *See, e.g., Noel v. Metropolitan P & L Ins. Co.,* 41 Mass.App.Ct. 593, 672 N.E.2d 119 (1996). Coverage relates to whether Rutherford has insurance to cover the accident, and liability relates to whether Rutherford was at fault, thus triggering the insurer's obligation to pay. The plain meaning of the policy requires Rutherford's insurer to deny coverage in order for Rutherford to be considered uninsured. Thus, because Rutherford's insurer did not claim Rutherford lacked coverage under the policy, but merely denied Rutherford's liability for the accident, Rutherford is not uninsured within the meaning of the policy.

*2. Alternatively, if the Pipe Originated with a "Phantom" Vehicle*

■■■ If the pipe originated from a third, "phantom" vehicle, the Clarks argue for coverage under the hit and run provision of the uninsured motorist policy. Under the hit and run scenario, the Clarks posit an unidentified, "phantom" vehicle negligently deposited the pipe on the roadway and Rutherford subsequently drove over the pipe, kicking it up and into the opposing lane of traffic and through the Clarks' windshield.

The hit-and-run provision of the Clarks' policy provides coverage if (1) the insured, whether or not occupying the vehicle, is struck by an uninsured motor vehicle and (2) the insured is entitled to recover for bodily injury but unable to collect from the owner or driver of the motor vehicle because the owner and driver responsible cannot be identified. This provision does not apply on

these facts because Rutherford is ultimately and solely responsible for setting the pipe into motion, and Rutherford has been identified.[2] Therefore, even if a trier of fact ultimately found an unidentified vehicle deposited the pipe in the road, this Court finds, as a matter of law, the policy does not provide coverage under the hit-and-run insurance provision.

## IV.

## CONCLUSION

Because the Rutherford vehicle was ultimately responsible for the accident at issue and Rutherford has been identified and has insurance, the Clarks, as a matter of law, may not collect under the uninsured motorist policy provided by Prudential. Therefore, the order of summary judgment in favor of Prudential is affirmed. Costs on appeal are awarded to Respondent.

Justices SCHROEDER, KIDWELL, EISMANN, and Justice Pro Tem SCHWARTZMAN, concur.

2. Because of the facts presented, we need not address what is needed in order for there to be physical contact between a hit-and-run driver and the insured, which might create a claim for coverage under this provision. Any physical contact here is simply too attenuated for coverage to arise.