**INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, Plaintiff–Appellant,**

v.

**COREGIS INSURANCE COMPANY, an Indiana corporation, Defendant–Appellee.**

No. 06–35627.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2008.

Filed Jan. 23, 2008.

John L. King, Esq., Cantrill Skinner Sullivan & King, Boise, ID, for Plaintiff–Appellant.

Charles M. Fraenkel, Esq., Heath Sherman, Esq., Leahy Eisenberg & Fraenkel, Chicago, IL, Kenneth L. Mallea, Esq., Mallea Law Offices, Meridian, ID, for Defendant–Appellee.

Before; BEEZER, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM *

The magistrate judge correctly determined that Coregis Insurance Company

tion and is not precedent except as provided

complied with the plain language of the insurance policy issued to the Independent School District of Boise City when Coregis cancelled coverage. Among other events, the policy permitted Coregis, under section A(2)(b)(5) of the cancellation and non-renewal endorsement, to cancel the agreement after it had been in effect for more that sixty days for "[l]oss or decrease in reinsurance which provided us with coverage for all or part of the risk insured." It is undisputed that the policy had been in effect for more than sixty days and that Coregis was unable to obtain reinsurance for the peril of terrorism, an insured risk under the policy, after September 11, 2001, and school shootings in Colorado.

Although the policy also contained a rate guarantee endorsement in which Coregis agreed "to keep this policy in effect and that rates will not increase more than 3% per year for the 2002–2003 and 2003–2004 policy years" assuming certain conditions not relevant here, the two endorsements can be read in harmony. *See Selkirk Seed Co. v. State Ins. Fund,* 135 Idaho 434, 437, 18 P.3d 956, 959 (2000) (reasoning that the court must construe the contract as a whole, not in isolated parts, to effectuate the plain language of the agreement). Reading the agreement as a whole, it is apparent that Coregis was merely prevented from increasing premiums by more than three percent annually, or changing the terms and conditions of the policy such as what risks the agreement covered, limits, and deductibles. The rate guarantee did not implicitly obviate the plain, unambiguous language of the cancellation provisions, and the magistrate judge appropriately granted summary judgment in favor of Coregis. *See Clark v. Prudential Property & Cas. Ins. Co.,* 138 Idaho 538, 541, 66 P.3d 242, 245 (2003).

**AFFIRMED.**

TASHIMA, Circuit Judge, dissenting:

Plaintiff School District purchased a school liability and property insurance policy from Defendant Coregis. On this appeal, we are called on to construe two endorsements to that policy. Because I disagree with the majority's construction of these endorsements, I respectfully dissent.

When construing a contract under Idaho law, a reviewing court must first determine whether or not the policy contains any ambiguity. *Clark v. Prudential Prop. & Cas. Ins. Co.,* 138 Idaho 538, 66 P.3d 242, 244 (2003). "This determination is a question of law." *Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co.,* 141 Idaho 660, 115 P.3d 751, 754 (2005). A policy provision is ambiguous if "it is reasonably subject to conflicting interpretations." *Id.* (quoting *N. Pac. Ins. Co. v. Mai,* 130 Idaho 251, 939 P.2d 570, 572 (1997)). If the policy is subject to more than one reasonable interpretation, then its meaning is a question of fact. *Clark,* 66 P.3d at 245.

The majority affirms the grant summary judgement in favor of Coregis by holding that the policy is unambiguous and gave Coregis the right to cancel the insurance policy upon the loss of reinsurance. Any fair reading of the policy will disclose, however, that it is ambiguous, subject to more than one reasonable interpretation. It was thus error to grant summary judgment to Coregis.

The policy contained a rate guarantee endorsement, under which Coregis agreed "*to keep this policy in force* and that rates will not increase more than 3% per year for the 2002–2003 and 2003–2004 policy years." (Emphasis added.) The policy also contained a cancellation and nonrenewal endorsement, which permitted Core-

gis to cancel the policy if, among other things, it suffered a loss or decrease in reinsurance.

The majority purports to harmonize these conflicting provisions by interpreting the rate guarantee endorsement to mean that "Coregis was merely prevented from increasing premiums by more than three percent annually, or changing the terms and conditions of the policy." Majority at 2. While this interpretation may be reasonable as far as it goes, it also renders the phrase "keep this policy in force" in the rate guarantee endorsement meaningless. The ordinary and reasonable meaning of a promise to "keep this policy in force" is an agreement by Coregis to maintain the policy (without cancellation or nonrenewal) for the years in question. Thus, the words "keep this policy in force" can reasonably be interpreted as limiting Coregis' cancellation and nonrenewal rights for the 2002–2003 and 2003–2004 policy years. Given this alternative, reasonable reading of the rate guarantee endorsement, the policy is ambiguous.

Because the insurance policy can reasonably be subject to more than one interpretation, the language is ambiguous and its meaning a question of fact. *See Clark,* 66 P.3d at 245. That being the case it was error to grant summary judgment to Coregis based on a different interpretation of the policy. I would therefore reverse the grant of summary judgment and remand for the finder of fact to determine "what a reasonable person would have understood the language to mean." *Id.*

I respectfully dissent.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.